UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUDMILA RODRIGUES MACHADO,<br><br>Plaintiff,<br><br>v.<br><br>LA LUNA RYTHMIC GYMNASTICS ACADEMY and ARZU KARAALI,<br><br>Defendants. | CASE NO. 2:26-cv-01518-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff Ludmila Rodrigues Machado's motion for appointment of counsel.[1] Dkt. # 12; *see also* Dkt. # 9. Plaintiff claims discrimination in employment under Title VII of the Civil Rights Act of 1964, unpaid wages, and breach of contract. *See* Dkt. # 12. Having reviewed the motion and all supporting materials (Dkt. ## 12, 13), for the reasons below, the Court GRANTS the Motion and DIRECTS the Clerk to identify counsel from the Pro Bono Panel who is willing to represent Plaintiff in this action.

The Court may ask for an attorney to represent a pro se plaintiff in a Title VII civil rights action. See 42 U.S.C. § 2000e-5(f)(1) (providing for the appointment of counsel). A court

[1] Plaintiff re-filed her original Motion with only slight differences seemingly due to a filing deficiency in the accompanying Statement. *See* Dkt. ## 9, 10, 11. The Court thus STRIKES Dkt. ## 9 & 10.

considers three factors when determining whether counsel should be appointed: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

Plaintiff satisfies the first factor because she is proceeding in forma pauperis (IFP) and represents that her monthly expenses are far greater than her income and savings. Dkt. ## 1, 3. The second factor is similarly met because Plaintiff has made diligent efforts to find representation on her own. Dkt. # 12 at 2. Plaintiff submitted her claims to the EEOC and received a notice of her right to sue. Dkt. # 4 at 4. Plaintiff has also contacted three attorneys seeking representation in this matter and was informed that each was unable to take her case due to capacity constraints. Dkt. # 12 at 2.

Although the Court cannot yet fully weigh the merits of Plaintiff's claims, the third factor is also met because Plaintiff makes factual allegations that plausibly state a claim. Dkt. # 4 at 1-2. Plaintiff, who is a citizen of Brazil and a current Kirkland, Washington resident, says that Defendant offered her employment and that the parties contracted based on that offer. Dkt. # 4 at 1-2. Plaintiff says Defendant offered to provide moving expenses; pay for living expenses once she resided in the United States; sponsor a work visa; and pay her a specific wage. *Id.* Plaintiff says that after accepting the offer, she moved to the United States and began working, but Defendants delayed in completing the work permit process and instead pressured her to work without proper work authorization; eventually submitted a work authorization with significantly different terms than the employment contract; failed to pay Plaintiff the agreed upon wages; made unauthorized deductions from Plaintiff's wages; underreported Plaintiff's wages to government authorities; and made repeated derogatory comments based on her country of origin. *Id*. Plaintiff says that about two years later Defendants terminated her employment and refused

to pay outstanding wages. *Id*. Because all three factors are met, Plaintiff has made a showing that the Court should appoint counsel.

Accordingly, the Court GRANTS Plaintiff's Motion to Appoint, Dkt. # 12; STRIKES Dkt. ## 9, 10; and DIRECTS the Clerk of the Court to identify counsel from the Pro Bono Panel who is willing to represent Plaintiff in this action by September 25, 2026. If the Clerk timely identifies pro bono counsel, the Court will issue an order of appointment; if not, the Court will be unable to appoint counsel for Plaintiff.

Dated this 21st day of August, 2026.

John H. Chun
United States District Judge